*The judgment is affirmed.*

---

## W. L. HARDY *v.* ALABAMA & VICKSBURG RAILWAY CO.

1. RAILROADS. *Plantation road.  Uninclosed land.  Code* 1892, § 3561.

   A railway company is liable for the penalty prescribed by § 3561,
   code 1892, for failing to make and maintain a convenient and suit-
   able crossing over its track for a necessary plantation road, al-
   though the plantation may consist of but six acres, four of which
   lie on one side of the track and two on the other, and the land is
   not inclosed where the road crosses the track.

2. SAME. *Necessary way.  Damages for obstruction.  Case.*

   Where a farm of six acres is so divided by a railway track that four
   acres lie on one side of it and two on the other, and the owner,
   who has his dwelling and barn on the four acres, in order to reach
   the public highway, and his cowpen, wagon-shed and well, situated
   on the two acres, about seventy yards distant from the dwelling,
   without going upon the lands of his neighbors, has to make use of
   a road extending across the railway track from one division of his
   land to the other, or go around a distance of three-quarters of a
   mile, such road is a way of necessity, for the obstruction of which
   by the railway company damages are recoverable.

3. SAME.  *Private way.  Prescription.*

    A landowner who, in connection with his land, has used a crossing over a railroad track for the period that, under the law, creates title by prescription, acquires an easement in the way, and may maintain an action for its obstruction by the railroad company, regardless of the relative inconvenience that would result to the company from the removal of the obstruction and to himself from its maintenance, and although the easement may be of very small value.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

The appellee tore up the crossing over its track referred to in the opinion, in the spring of 1895, and built fences across the road leading to it, so as to prevent all passing. The appellant brought suit, one count of his declaration being for the $250 penalty prescribed by § 3561, code 1892, and the other for the real injury. The opinion states the substance of the evidence. A peremptory instruction to find for the defendant was given, and from the judgment in its favor the plaintiff appealed, his motion for a new trial having been overruled.

*Williamson & Potter*, for the appellant.

1. The evidence shows that the road in question was a necessary one, and the fact that the plantation, or farm, through which it ran was a small one, is immaterial. Clearly the road was included in the statutory designation of '' necessary plantation road.'' Code 1892, § 3561. The statute does not, by its terms, relate to inclosed land only, and the plantation road and crossing may be just as necessary where the land is not inclosed as where it is. The plaintiff's right to recover the penalty was clearly shown.

2. But the plaintiff had acquired a way across the railroad track by prescription, and, without reference to the statute, he was entitled to a recovery, under his second count, for the interruption of his enjoyment of this easement. *Keefe* v. *Railroad Co.*, 23 Am. & Eng. Ry. Cas., 236, 302; 62 N. H., 271;

13 Nev., 185; 81 N. Y., 191; *Turner* v. *Railroad Co.*, 35 Am. & Eng. Ry. Cas., 317; 24 *Ib.*, 460; *Clouse* v. *Railroad Co.*, 14 *Ib.*, 459, 463; *Railroad Co.* v. *Willenborg*, 26 *Ib.*, 358.

*Nugent & McWillie*, for the appellee.

The object of the railway company, in fencing its track over the plaintiff's land, was that cattle might be excluded from its track, and the safety and convenience of travel be so promoted. There is nothing to show that he had an easement over the railroad track at the point in question, and, if he had one, his remedy would be in another forum and by an entirely different proceeding. The sole question for determination is whether § 3561, code 1892, applies to a case like this. We think not, as the two acres of ground north of the track are not inclosed. If the company can be compelled, under that section, to make a crossing and approach, at its own expense, for every person who has a small fragment of land cut off from the main body by its railroad, its burdens would be unjustly and unreasonably multiplied. A way to such outlying, uninclosed fragments of land is not a necessary plantation road within the contemplation of the statute. The inconvenience suffered by the plaintiff cannot be compared to that which will be entailed upon the railroad company, if the view he contends for be approved by this court.

COOPER, C. J., delivered the opinion of the court.

The peremptory instruction for the defendant should not have been given. There is no decision or utterance of this court giving countenance to the view that, under the disclosed conditions, the defendant was not under the duty of maintaining the crossing over its roadway.

In *K. C., M. & B. R. R. Co.* v. *Jones, ante*, p. 397, we held that the duty of putting up and maintaining stock gaps and cattle guards was imposed only where and when the track passed through the inclosed lands of the adjacent proprietor.

73 Miss.—46

This rested upon the words of the statute, which provide that "it is the duty of every railroad company to construct and maintain all necessary or proper stock gaps and cattle guards when its track passes through inclosed lands." Code 1892, § 3561. But the statute says nothing about inclosed lands where it refers to plantation roads. It merely declares that the railroad company shall "make and maintain convenient and suitable crossings over its track for necessary plantation roads."

In *Seelbinder* v. *I. C. R. R. Co.*, *ante*, p. 84, we held that one whose land was bounded on one side by the railroad was not entitled, under the statute, to a crossing to enable him to reach the land of another, over which he exercised certain privileges by license. But this was not upon the ground that the land was not inclosed, but because it was not his land—not a part of his plantation.

The contention of appellee that the crossing was of but little value to the appellant, and that to maintain it subjects the company to serious inconvenience and hazard, is not sustained by the testimony. Access to his residence from the public way is over this crossing, and without it the appellant is bottled up, and can only get to the public highway by license of his neighbors or by trespassing on their lands. To reach the highway, or his cow lot, or his well or wagon shed, he must now travel three-fourths of a mile, whereas, before the crossing was closed, the distance was but a few yards. But, aside from the manifest necessity of the crossing to the reasonable use and enjoyment of the plaintiff's home, the way was his property, and, regardless of its value, he is entitled to maintain this action for the trespass committed by the defendant in its obstruction. A way is an incorporeal hereditament—a right exercisable over the land of another—and may be acquired by an adverse enjoyment for the period required by law to acquire title to land by prescription. *Bonelli* v. *Blakemore*, 66 Miss., 136. The declaration contains two counts—one for the statutory pen-

alty, the other for the real injury.    Upon either, on the disclosed facts, he was entitled to recover.

*Reversed and remanded.*